**Karon ROWE, Respondent,**

v.

**James HAYES, et al., Appellants.**

**No. WD 66475.**

Missouri Court of Appeals, Western District.

April 24, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 29, 2007.

---

H.A. Walther, Columbia, for respondent.

Thomas M. Schneider, Columbia, for appellants.

Before SMART, P.J., and SMITH and HARDWICK, JJ.

## Order

PER CURIAM.

James and Karyn Hayes (the Hayeses), husband and wife; Jimmie and Peg Mayfield (the Mayfields), husband and wife; Justin Johnmeyer (Johnmeyer), and George Hayes (G.Hayes) appeal from the judgment of the Circuit Court of Boone County, Missouri, finding for the respondent, Karon Rowe, on both counts of her petition. In Count I of her petition, brought against the Hayeses; the Mayfields; Johnmeyer; G. Hayes; and Lloyd and Brenda Miller, husband and wife (the Millers), who were dismissed as party defendants on November 15, 2005, the respondent sought specific performance of a real estate contract (the contract) she had entered into with the Hayeses, the Mayfields, and the Millers to purchase real estate in fee simple absolute, located at 5207 North Highway 763, Columbia, Boone County, Missouri (the property). At the time of the suit, the Hayeses had transferred their interests in the property to G. Hayes, and the Millers had transferred their interests to Johnmeyer. As to Count I, the trial court entered judgment for the respondent, ordering all of the remaining named defendants, but Johnmeyer, finding him to be a *bona fide* purchaser of his interest in the property, to convey all of their rights, titles, and interests in the property to the respondent. In Count II of her petition, brought against the Hayeses, the Mayfields, and the Millers, the respondent sought damages for slander of title. As to Count II, the trial court entered judgment for the respondent and against J. Hayes only, ordering him to pay

the respondent $93,600 in damages, representing the fair market value of Johnmeyer's 18.72% retained interest in the property.

The appellants raise four points on appeal. In Point I, they claim that the trial court erred in finding against them on their affirmative defense, as to Count I of the respondent's petition for specific performance, that the respondent had "repudiated" the contract, discharging the appellants of their obligations thereunder, because the court's findings and conclusions, that the respondent had not repudiated the contract by refusing or failing to provide the financial information required by the holder of the first deed of trust on the property, American Loan and Savings (ALS), for her to assume that first deed of trust, as agreed upon in the contract, were not supported by the record. In Point II, they claim that the trial court erred in finding against them on their affirmative defense, as to Count I of the respondent's petition for specific performance, that the respondent had "abandoned" the contract, discharging the appellants of their obligations thereunder, because the court's findings and conclusions that the respondent had not abandoned the contract by: (1) failing "to schedule a closing for over two and one-half years after executing the contract"; and (2) by failing to "furnish financial statements" required by the bank for her to assume the first deed of trust on the property, as agreed upon in the contract, were not supported by the record. In Point III, the appellants claim:

> The trial court erred in entering judgment in favor of respondent because it was against the weight of the evidence since it was based upon an express finding that appellant James Hayes was not credible but that finding was erroneous in that it was uncontroverted that respondent failed to pay income taxes on

her massage business in 2002–2004, and respondent was therefore impeached, whereas the trial court's finding that appellant James Hayes' testimony was not credible was apparently based on his conveyance of the subject real estate to his Uncle George Hayes to supposedly deprive respondent of an opportunity to acquire title to the property, which finding was pure speculation and illogical.

In Point IV, the appellant J. Hayes claims that the trial court erred in entering judgment against him and for the respondent on Count II of the respondent's petition for slander of title because:

> the judgment was contrary to the law, lacked substantial evidence and was against the weight of the evidence in that James Hayes was not the seller who failed to sign the deed and there is not competent or substantial evidence that James Hayes improperly caused Brenda Miller to not sign the deed.

We dismiss as to Points III and IV for violations of **Rule 84.04(d)** and affirm as to Points I and II, pursuant to **Rule 84.16(b)**.